UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE ANN ROVEGNO,

       Plaintiff,

v.

Case No. 6:24-CV-1744-KCD

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,

## **ORDER**

Plaintiff Stephanie Ann Rovegno challenges the Commissioner of Social Security's decision denying her application for disability benefits under 42 U.S.C. § 405(g). (Doc. 1.)[1] For the reasons below, the Commissioner's decision is affirmed.

## I. Background

Rovegno filed for disability benefits in 2023, claiming she could no longer work because of herniated discs in her back, post-traumatic stress disorder, osteoarthritis in her knees, insomnia, gout, and a future knee surgery. (Tr. 214.)[2] Her application was denied initially and again on reconsideration. (Doc. 14 at 2.) She then requested further review before an

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Citations to the administrative record are designated by "Tr." with a pin-cite if needed.

administrative law judge ("ALJ").

Following a hearing, the ALJ concluded that Rovegno had severe impairments of "osteoarthrosis and allied disorders, disorders of muscle, ligament, and fascia, depressive, bipolar, and related disorder, and trauma and stressor-related disorder." (Tr. 17.)[3] Still, the ALJ found Rovegno had the residual functional capacity ("RFC") to perform light work with these additional restrictions:

> [S]he could lift or carry 20 pounds occasionally and 10 pounds frequently; sit for a total of 6 hours in an 8-hour workday; stand and/or walk for 6 hours in an 8-hour workday; perform occasional postural activities; occasionally climb ramps and stairs but not climb ropes or scaffolds, and ladders exceeding 6 feet; and occasionally perform pushing and pulling motions with the lower extremities (foot controls); and frequently reach including overhead. She would require simple and unskilled work, which entails simple, routine, and repetitive tasks.

(Tr. 19.)

After considering the RFC and other evidence, the ALJ concluded Rovegno could not perform her past work but could find other jobs in the national economy. (Tr. 26.) Because Rovegno could work, the ALJ found her

---

[3] An individual claiming disability benefits must prove she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

not disabled as that term is defined in this context. (*Id.* at 27.) This appeal followed.

## II. Standard of Review

"It is the ALJ's job to evaluate and weigh evidence and to resolve any conflicts in the record." *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021). Consequently, "[r]eview of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied." *Holland v. Comm'r of Soc. Sec.*, No. 2:21-CV-858-KCD, 2023 WL 2300593, at *2 (M.D. Fla. Mar. 1, 2023). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). As the Supreme Court has explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103.

When deciding whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or

substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Id*.

### III. Discussion

Rovegno's primary argument is that the ALJ failed to account for her self-described limitations. (*See* Doc. 14 at 6.) According to Rovegno, her testimony "amply support[s] . . . far greater limitations than set forth in the ALJ's RFC finding." (*Id.* at 9.)

Relevant to this claim, Rovegno testified that she suffered a right knee injury in the military. (Tr. 46.) She later developed an impairment to her left knee due to overcompensating with that joint. (*Id.* at 47.) She described the knee pain as "between nine and ten." (*Id.*) According to Rovegno, she could not stand very long (only minutes) because of the pain and used an electric cart to get around. (*Id.* at 50.) Knee injections apparently didn't help, and at least one doctor recommended surgery. (*Id.*)

4

The ALJ at least partially accepted Rovegno's testimony, limiting her to light work with a variety of postural and environmental limitations. But the ALJ rejected Rovegno's contention that she was more limited than the RFC. Specifically, the ALJ found that "[a] review of the medical evidence of record does not substantially support the claimant's allegations regarding the severity and intensity of her symptoms." (Tr. 21.)

A claimant may establish that she is disabled "through [her] own testimony of pain or other subjective symptoms." *Dyer*, 395 F.3d at 1210. In such a case, the claimant must show evidence of an underlying medical condition and either "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If a claimant provides subjective testimony on the severity of her symptoms, as Rovegno did here, the ALJ "must articulate explicit and adequate reasons" for rejecting the complaints. *Foote*, 67 F.3d at 1561-62. The ALJ's "credibility determination does not need to cite particular phrases or formulations[,] but it cannot merely be a broad rejection" that overlooks a claimant's "medical condition as a whole." *Dyer*, 395 F.3d at 1210-11.

Here, the ALJ repeated this formula, followed it, and cited to evidence to support his findings. (Tr. 20-25.) He noted Rovegno has "medically determinable impairments [that] could reasonably be expected to cause some of the alleged symptoms." (Tr. 21.) Then, the ALJ considered the "medical evidence and other evidence in the record" to evaluate the "intensity, persistence, and limiting effects of these symptoms." (*Id.*) Ultimately, he concluded Rovegno's statements about her symptoms conflict with the overall evidence. (*Id.*)

The Court is satisfied that the ALJ provided substantial evidence to support his conclusions. *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence."). Based on the benefits sought, Rovegno needed to "establish disability by . . . December 31, 2019." (Doc. 14 at 2.) Among other things, the ALJ noted that physical examinations from this period were benign with limited abnormalities. Rovegno was observed with a normal gait and station, and no assistive devices for ambulation. (Tr. 981, 923-24, 1503-04, 1155-56.) Mental status examinations were also unremarkable, with Rovegno declining interest in mental health treatment. (Tr. 23.) Rovegno further reported going "to Disney 3 times a week," "walking up to 5 to 10 miles daily," and she was "independent in activities of daily living." (Tr. 22-

23, 883, 891-92, 1508-09.) The ALJ's thorough review of the medical records provides all the evidence needed to uphold his assessment of Rovegno's subjective allegations and the RFC. *See, e.g.*, *Mennella v. Comm'r of Soc. Sec.*, 697 F. App'x 665, 666 (11th Cir. 2017).

Rovegno spends much of her brief laboring to show that the medical evidence reflects her subjective complaints. For instance, she stresses that "[t]he U.S. Department of Veterans Affairs assigned a 100% disability rating in part due to her limited knee flexion." (Doc. 14 at 7.) And Dr. Nguyen found that she "has disabling knee pain and limited ambulation capabilities." (*Id.* at 8.) But these arguments essentially ask the Court to reweigh the evidence, which is not allowed. "Resolution of conflicts in the evidence, including conflicting medical opinions and determinations of credibility are not for the courts; such functions are solely within the province of the Secretary." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973).

Rovegno also faults the ALJ for omitting several pieces of evidence that support her subjective complaints. (*See, e.g.*, Doc. 14 at 10 ("[T]he ALJ strategically omitted from consideration that her right knee x-ray demonstrated severe medial and patellofemoral degenerative changes, joint space narrowing, and osteophyte.").) But "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer*, 395 F.3d at 1211; *see also Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782

7

(11th Cir. 2014). And this argument does not address why the ALJ's decision is unsupported by substantial evidence—it merely offers additional evidence in her favor. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). Again, Rovegno is essentially asking the Court to reweigh the evidence.

While a different factfinder may well have credited Rovegno's reported limitations and built them into the RFC, that is not the test. The dispositive question here is whether there is "such relevant evidence as a reasonable mind might accept as adequate" to support the ALJ's conclusion. *Biestek*, 587 U.S. at 103. "The substantial evidence threshold is not high and defers to the presiding ALJ, who heard testimony and reviewed the medical evidence." *Rodriguez v. Berryhill*, 836 F. App'x 797, 803 (11th Cir. 2020). Given this low bar, the Court must affirm.

## IV. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings and Rovegno has failed to show error. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Rovegno and close the file.

**ORDERED** in Fort Myers, Florida on March 26, 2025.

Kyle C. Dudek
United States Magistrate Judge

8